1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>         Plaintiff,<br><br>    v.<br><br>MICHAEL A. JACQUES, *et al.*,<br><br>         Defendants. | Case No.  2:23-cv-01230-DAD-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND FINDING THAT PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S TEMPORARY RESTRAINING ORDER BE DENIED<br><br>ECF Nos. 2, 4, & 8<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Earon Drevon Davis brings this action against Commissioner Michael A. Jacques, Director of Placer County Child Support Services Laura Van Buskirk, Assistant Director of Child Support Services Tamara Uhler, and the Placer County Department of Child Support Services.  The complaint fails to state a cause of action.  I will give plaintiff a chance to amend his complaint before recommending dismissal.  I will grant his appl ication to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. §§ 1915(a)(1).  Finally, I will recommend that plaintiff's motion for a temporary restraining order be denied.

1

**Screening and Pleading Requirements**

This complaint is subject to screening under 28 U.S.C. § 1915(e). That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The amended complaint alleges in its entirety "I believe that the actions of Placer County Child Support Services and the Commissioner from Superior Court Placer County have violated my rights and, in turn, have caused serious harm to my family. These actions have disrupted the stability and well-being of my family, and I am deeply concerned about the negative impact they

1    have had on all members involved."[1]  ECF No. 4 at 5.  Plaintiff lists as the basis for federal

2    question jurisdiction the Fourth and Sixth Amendments, Due process, 18 U.S.C. § 242,

3    harassment, emotional distress, and conspiracy to violate rights.  *Id.* at 4.  Plaintiff has also filed

4    an affidavit.[2]  ECF No. 5.  Therein, he attests that Commissioner Jacques should have recused

5    himself from plaintiff's family law case since the Commissioner had presided over other cases

6    involving plaintiff.  *Id.* at 1.  Plaintiff states that he raised a jurisdictional challenge to the Placer

7    County Superior Court Order of Support but did not receive a ruling on his challenge.  *Id.* at 1-2.

8    Plaintiff claims that his wages have been garnished in violation of the Fourth Amendment and

9    that he was not afforded a public trial as is guaranteed by the Sixth Amendment.  *Id.* at 2-3.  He

10   states that court documents were manipulated, and the Commissioner and Child Support Agency

11   deprived him of rights under 18 U.S.C. § 242.  *Id.* at 3.  Finally, plaintiff claims that a conflict of

12   interest exists between families and child support payment awards and that he has suffered

13   harassment and emotional distress.  *Id.* at 4.

14         Plaintiff's complaint does not comport with Rule 8's requirement that it present a short

15   and plain statement of his claims.  Fed. R. Civ. P. 8(a).  Indeed, the complaint does not identify

16   which defendant allegedly violated his constitutional rights.  "The plaintiff must allege with at

17   least some degree of particularity overt acts which defendants engaged in that support the

18   plaintiff's claim."  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

19         On a substantive level, the complaint does not state a claim since it appears to challenge a

20   family court determination.  The *Rooker-Feldman* doctrine bars federal review of state court

21   decisions regarding proceedings in family court.  *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.

22   2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction

23   to hear a direct appeal from the final judgment of a state court."); *Moore v. Cnty. of Butte*, 547 F.

24   App'x. 826, 829 (9th Cir. 2013) (finding that the plaintiff's claims challenging the outcome of

---

[1] Before I screened plaintiff's original complaint, he filed an amended complaint on October 12, 2023, which is now the operative complaint.

[2] The court has reviewed plaintiff's affidavit; however, plaintiff is instructed that only facts alleged in the complaint can support his claims.  If plaintiff chooses to amend his complaint, he should include all relevant factual allegations in the body of the complaint.

custody proceedings were properly dismissed); *Rucker v. Cnty. of Santa Clara, State of California*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding that the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid").

Moreover, Commissioner Jacques is immune based on his actions as a judge. *See Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from suit for judicial acts within and even in excess of their jurisdiction even if those acts were done maliciously or corruptly; the only exception to this sweeping cloak of immunity exists for acts done in 'the clear absence of all jurisdiction.'"); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam) (holding that court commissioners performing judge-like functions are entitled to absolute judicial immunity from civil liability for damages). And while municipalities, such as cities and counties, are amenable to suit, departments or bureaus of municipalities—like Placer County Child Support Services—are "not generally considered 'persons' within the meaning of Section 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Lawrie v. Garcia*, No. 11cv2237 DMS (BLM), 2011 WL 5036861, at *2 (S.D. Cal. Oct. 24, 2011) (holding that the Department of Child Support Services for the County of San Diego was "not a proper defendant under § 1983").

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second

4

Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

## Motion for Temporary Restraining Order

A party seeking a temporary restraining order must satisfy the same test required for the issuance of a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Plaintiff argues that a temporary restraining order ("TRO") is warranted to safeguard his rights pending a full hearing on his claims. ECF No. 6. The motion essentially reiterates plaintiff's statements in the October 12, 2023 affidavit, in that he argues that several of his rights were violated during the pendency of his family law matter.

Plaintiff's motion for a TRO should be denied. The motion does not address any of the *Winter* factors, and it is plaintiff's burden to demonstrate that these factors warrant injunctive relief. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'") (quoting *Winter*, 555 U.S. at 376, 381). The motion does not show that plaintiff will suffer irreparable harm absent the issuance of a TRO. Finally, since the first amended complaint does not state a claim, I necessarily determine that plaintiff is unlikely to succeed on the merits.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

Further, it is hereby RECOMMENDED that plaintiff's motion for a temporary restraining order, ECF No. 6, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE