UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL A. JACQUES, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01230-DAD-JDP (PS)<br><br>**ORDER**<br><br>DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>ECF No. 12<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On October 24, 2023, I screened plaintiff's complaint and notified him that it failed to state a claim. ECF No. 8. In the same order, I also recommended that the district judge deny plaintiff's motion for injunctive relief. *Id.* I granted plaintiff thirty days either to file an amended complaint or to notify the court that he wishes to stand by his complaint, subject to a recommendation that it be dismissed. Plaintiff filed both objections to my recommendation and a motion for default judgment. ECF Nos. 11 & 12. After the district judge adopted my recommendation, I ordered plaintiff to file an amended complaint within fourteen days. ECF No. 14. Instead of filing an amended complaint, plaintiff filed two objections to the district judge's

1

order. ECF Nos. 13 & 17.  For the reasons stated below, I will recommend that plaintiff's motion for default judgment be denied as premature and grant plaintiff a final opportunity to file an amended complaint.  Should plaintiff not file an amended complaint within fourteen days, I will recommend that this action be dismissed for failure to prosecute and failure to comply with court orders.

Plaintiff's motion for default judgment should be denied.  As an initial matter, plaintiff has failed to comply with the Federal Rules of Civil Procedure.  Rule 55 sets forth a two-step process for seeking default judgment, consisting of: (1) seeking the clerk's entry of default, and then (2) requesting entry of default judgment.  *See* Fed. R. Civ. P. 55(a)-(b); *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'"); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Plaintiff has not sought entry of default against any of the named defendants, and the Clerk of Court has not entered any default in this case.  Thus, plaintiff has not complied with the first step of the two-step process under Rule 55, and the motion for default judgment should be denied.

More fundamentally, default judgment is not appropriate because defendants have not been served.  Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Under Rule 12, a defendant generally must serve an answer "within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i); and that deadline is tolled by the filing of a responsive motion, such as a Rule 12(b)(6) motion to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(a)(4).  As defendants have yet to be served, they are not in default.[1]

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall file, within fourteen days, an amended complaint.

2. Failure to comply with this order will result in a recommendation that this action be

---

[1] Should plaintiff file an amended complaint that alleges a cognizable claim, the court will issue a summons and direct the U.S. Marshal to complete service of process, as appropriate.

dismissed.

Further, it is hereby RECOMMENDED that plaintiff's motion for default judgment, ECF No. 12, be denied as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3