UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL A. JACQUES, *et al.*,<br><br>  Defendants. | Case No.  2:23-cv-01230-DAD-JDP (PS)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION FOR AN ORDER DIRECTING SERVICE<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM AND HIS MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF Nos. 20, 21, & 26 |

Plaintiff, proceeding *pro se*, brings this action against Michael Jacques, a commissioner, the Placer County Superior Court, the Placer County Department of Child Support Services, and Laura Van Buskirk, the director of Placer County Child Support Services. ECF No. 20 at 2-3. He alleges that these defendants have engaged in "fraudulent and coercive behavior" by having the superior court enter a child support order against him. ECF No. 20-2 at 1-2. His second amended complaint fails to state a cognizable claim, and I now recommend that it be dismissed

without leave to amend. I also necessarily deny plaintiff's motion for service of summons, ECF No. 26, and recommend that plaintiff's motion for a temporary restraining order, ECF No. 21, be denied.

**I.      Second Amended Complaint**

    **A.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Analysis**

The *Rooker-Feldman* doctrine bars federal review of state court decisions regarding proceedings in family court. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."); *Moore v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013) (finding that the plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); *Rucker v. Cnty. of Santa Clara, State of California*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding that the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); *See Baquero v. Lallo*, No. 2:23-cv-00775-GMN-BNW, 2023 U.S. Dist. LEXIS 129117, *3 (D. Nev. Jul. 7, 2023) (collecting supporting cases and holding that "[c]hallenges that attack state court proceedings concerning child custody or court child support orders are inextricably intertwined with the state court proceedings and thus beyond the jurisdiction of a federal district court under *Rooker-Feldman*"). Here, plaintiff's challenge to a state court support order falls squarely within the scope of the doctrine.

Moreover, Commissioner Jacques is immune based on his actions as a judge. *See Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from suit for judicial acts within and even in excess of their jurisdiction even if those acts were done maliciously or corruptly; the only exception to this sweeping cloak of immunity exists for acts done in 'the clear absence of all jurisdiction.'"); *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam) (holding that court commissioners performing judge-like functions are entitled to absolute judicial immunity from civil liability for damages). And while municipalities such as cities and counties are amenable to suit, departments or bureaus of municipalities—like Placer County Child Support Services—are "not generally considered 'persons' within the meaning of Section 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Lawrie v. Garcia*, No. 11-cv-2237-DMS (BLM), 2011 WL 5036861, at *2 (S.D. Cal.

3

Oct. 24, 2011) (holding that the Department of Child Support Services for the County of San Diego was "not a proper defendant under § 1983").

Accordingly, the second amended complaint should be dismissed without leave to amend because the claims at issue are fundamentally deficient.

**II.     Temporary Restraining Order**

Plaintiff's motion for temporary restraining order should also be denied. To succeed in obtaining preliminary injunctive relief, a claimant must show, among other elements, that he or she is likely to succeed on the merits of the relevant claim. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating the standard for preliminary injunctive relief). As discussed above, such a showing cannot be made here.

**III.    Motion for Service of Summons**

Plaintiff's motion for service of summons is also necessarily denied insofar as he has failed to state a cognizable claim.

**IV.    Conclusion**

Accordingly, it is hereby ORDERED that plaintiff's motion for an order directing service, ECF No. 26, is denied.

Further, it is RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 20, be dismissed without leave to amend.

2. Plaintiff's motion for a temporary restraining order, ECF No. 21, be denied.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

4

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 1, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE