UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL A. JACQUES, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-01230-DAD-JDP (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 21, 27, 29, 30, 31) |

     Plaintiff Earon Drevon Davis, proceeding *pro se* and *in forma pauperis*, initiated this civil action on June 27, 2023. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On August 2, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's second amended complaint ("SAC") (Doc. No. 20) be dismissed for failure to state a claim and plaintiff's motion for a temporary restraining order ("TRO") (Doc. No. 21) be denied. (Doc. No. 27.) In the findings and recommendations, the magistrate judge first found that plaintiff's allegations challenging a state court child support order fall squarely within the scope of the *Rooker-Feldman* doctrine. (*Id*. at 3) (citing *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject

1

1   matter jurisdiction to hear a direct appeal from the final judgment of a state court.")).  The
2   magistrate judge next concluded that plaintiff had not stated a claim against defendants Jacques
3   and the Placer County Department of Child Services in particular.  (Doc. No. 27 at 3–4) (citing
4   *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are
5   immune from suit for judicial acts within and even in excess of their jurisdiction even if those acts
6   were done maliciously or corruptly; the only exception to this sweeping cloak of immunity exists
7   for acts done in 'the clear absence of all jurisdiction.'"); *Lawrie v. Garcia*, No. 11-cv-2237-DMS-
8   BLM, 2011 WL 5036861, at *2 (S.D. Cal. Oct. 24, 2011) (holding that the Department of Child
9   Support Services for the County of San Diego was "not a proper defendant under § 1983").)  For
10  these reasons, the magistrate judge concluded that the SAC should be dismissed, without further
11  leave to amend, because the claims are fundamentally deficient and that plaintiff's motion for a
12  TRO should be denied as he has made no showing that he is likely to succeed on the merits.
13  (Doc. No. 27 at 4.)  Those pending findings and recommendations were served on plaintiff and
14  contained notice that any objections thereto were to be filed within fourteen (14) days after
15  service.  (*Id*.)  On August 5, 2024, plaintiff filed objections to the pending findings and
16  recommendations.  (Doc. No. 28.)
17         In his objections, plaintiff argues that the magistrate judge misapplied the *Rooker-*
18  *Feldman* doctrine.  (Doc. No. 28 at 2.)  He argues that he is not seeking federal review of a state
19  decision and instead asserts "independent federal claims based on violations . . . that occurred
20  during the state court proceedings."  (*Id*.)  However, the court has reviewed the allegations of
21  plaintiff's SAC and notes that he alleges numerous times that the support order issued against him
22  in the Placer County Superior Court is jurisdictionally invalid and that there has been fraud in the
23  issuance and enforcement of the invalid support order.  (Doc. No. 20-2 at 1–3.)  Based on these
24  allegations, the court concurs with the magistrate judge's analysis that plaintiff's challenge is
25  "inextricably intertwined" with the state court's ruling, and thus under the *Rooker-Feldman*
26  doctrine, this court is prohibited from exercising subject matter jurisdiction over a suit that is a *de*
27  *facto* appeal from a state court judgment.  (Doc. No. 27 at 3) (citing *Rucker v. Cnty. of Santa*
28  *Clara, State of California*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding that the

1 plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff
2 "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child
3 support arrearages, and allege[d] that Santa Clara County's garnishment order against his
4 disability benefits payments is invalid")).

5 Plaintiff also argues in his objections that the actions of defendant Placer County
6 Department of Child Services, defendant Placer County Superior Court, and defendant Jacques
7 are "null and void" because of their "failure to communicate the voluntary nature of their
8 programs." (Doc. No. 28 at 5.) Plaintiff does not specify the programs he is referring to in this
9 regard, but the undersigned observes that this argument appears to be yet another in support of a
10 *de facto* appeal for relief from plaintiff's state court child support judgment, and thus does not
11 support any basis upon which to reject the pending findings and recommendations.

12 Next, plaintiff argues that the magistrate judge erred in finding that defendant Jacques is
13 entitled to judicial immunity because plaintiff never gave consent "for Commissioner Jacques to
14 act in the capacity of a judge over the support order." (Doc. No. 28 at 3.) In support of this
15 contention, plaintiff relies only on unrelated authority suggesting that a criminal defendant may
16 waive their right to a jury trial or a bench trial by a Superior Court judge and instead have their
17 matter heard by a commissioner. (*Id.*) (citing *People v. Tijerina*, 1 Cal. 3d 41, 46, n.3 (1969)).
18 Accordingly, the court is not persuaded that plaintiff's objection presents a basis upon which to
19 reject the magistrate judge's finding of judicial immunity.

20 Plaintiff further argues that the magistrate judge erred in finding that the Placer County
21 Department of Child Services is not a proper defendant under § 1983 because plaintiff intended to
22 bring a *Monell* claim. (Doc. No. 28 at 4.) Plaintiff contends that his SAC "sufficiently alleges
23 that the violations were a result of established practices and policies." (*Id.*) However, this
24 argument does not address the magistrate judge's conclusion that "municipalities such as cities
25 and counties are amenable to suit" but "departments or bureaus of municipalities" are "not
26 generally considered 'persons' within the meaning of § 1983." (Doc. No. 27 at 3) (citing *United*
27 *States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005)); *see also Vance v. Cnty. of Santa Clara*, 928
28 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an

3

appropriate means of pleading a § 1983 action against a municipality. . . . While the parties do not raise an objection, the Court finds, *sua sponte*, that suing the Santa Clara Department of Corrections is improper. The Department of Corrections is an agency of the County of Santa Clara. The County is a proper defendant in a § 1983 claim, an agency of the County is not."). Accordingly, plaintiff presents no basis upon which to reject the magistrate judge's finding that the Placer County Department of Child Services is not a proper defendant.

Plaintiff's other objections are conclusory and do not meaningfully address the pending findings and recommendations. He argues that his SAC should not be dismissed because he "articulated [his] claims and legal precedents clearly and receive [sic] no rebuttal" and his TRO should be granted because "the magistrate judge did not adequately consider the likelihood of success on the merits." (Doc. No. 28 at 1–2.) The court finds that the claims plaintiff brings in his SAC have been adequately considered, and thus, these arguments do not present a basis upon which to reject the magistrate judge's recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on August 2, 2024 (Doc. No. 27) are adopted in full;
2. Plaintiff's second amended complaint (Doc. No. 20) is dismissed, without leave to amend;
3. Plaintiff's motion for a temporary restraining order (Doc. No. 21) is denied;
4. Plaintiff's motion for the court to review his objections (Doc. No. 29) is denied as moot, his objections having already been considered in this order;

/////
/////
/////
/////

5. Plaintiff's motions to disqualify the assigned magistrate judge (Doc. No. 30) and for default judgment (Doc. No. 31) are also denied as rendered moot by this order; and

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 7, 2024**

   /s/ Dale A. Drozd
   DALE A. DROZD
   UNITED STATES DISTRICT JUDGE